**Nos. 22-3750, 22-3751, 22-3753, 22-3841, 22-3843, 22-3844**

# In the United States Court of Appeals for the Sixth Circuit

*In re National Prescription Opiate Litigation*

TRUMBULL COUNTY, OHIO, ET AL.,
*Plaintiffs-Appellees,*

v.

PURDUE PHARMA, L.P., ET AL.,
*Defendants,*

WALGREENS BOOTS ALLIANCE, INC., ET AL.,
CVS PHARMACY, INC., ET AL.,
WALMART INC.,
*Defendants-Appellants.*

On Appeal from the United States District Court for the
Northern District of Ohio, Eastern Division
(No. 1:17-md-2804) (The Hon. Dan Aaron Polster)

## SUPPLEMENTAL BRIEF FOR APPELLANTS

| | | |
|---|---|---|
| DONALD B. VERRILLI, JR. | NOEL J. FRANCISCO | JEFFREY B. WALL |
| GINGER D. ANDERS | JOHN M. MAJORAS | MORGAN L. RATNER |
| MUNGER, TOLLES & OLSON LLP | ANTHONY J. DICK | ZOE A. JACOBY |
| 601 Massachusetts Avenue NW | JONES DAY | SULLIVAN & CROMWELL LLP |
| Washington, DC 20001 | 51 Louisiana Avenue NW | 1700 New York Avenue NW |
| (202) 220-1100 | Washington, DC 20001 | Washington, DC 20006 |
| | (202) 879-3939 | (202) 956-7500 |
| *Counsel for CVS Appellants* | *Counsel for Walmart Inc.* | *Counsel for Walgreens Appellants* |

*(Additional counsel listed on signature page)*

# **TABLE OF CONTENTS**

Page

INTRODUCTION ...............................................................................................1

ARGUMENT .......................................................................................................2

I. CERTIFICATION COULD CAUSE SIGNIFICANT, HARMFUL, AND UNNECESSARY DELAY .....................................2

II. CERTIFICATION IS UNNECESSARY BECAUSE OPLA'S MEANING IS CLEAR...............................................................4

III. CERTIFICATION IS UNNECESSARY AS A MATTER OF CONSTITUTIONAL AVOIDANCE ......................................7

CONCLUSION....................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Booksellers Foundation for Free Expression* v. *Strickland*,
 560 F.3d 443 (6th Cir. 2009) ...................................................................1, 7

*Bank of Am. Nat'l Tr. & Sav. Ass'n* v. *203 N. LaSalle St. P'ship*,
 526 U.S. 434, 461 (1999) ............................................................................6

*Bevan & Assocs., LPA, Inc.* v. *Yost*,
 929 F.3d 366 (6th Cir. 2019) ......................................................................5

*City of Toledo* v. *Sherwin-Williams Co.*,
 2007 WL 4965044 (Ohio Ct. Com. Pl. Dec. 12, 2007) ..................................7

*Devereux* v. *Knox County*,
 15 F.4th 388 (6th Cir. 2021) ...................................................................4, 7

*State ex rel. DeWine* v. *Purdue Pharma LP*,
 2018 WL 4080052 (Ohio Ct. Com. Pl. Aug. 22, 2018) ..............................6, 7

*First Choice Chiropractic, LLC* v. *DeWine*,
 969 F.3d 675 (6th Cir. 2020) ......................................................................5

*Greer* v. *United States*,
 938 F.3d 766 (6th Cir. 2019) ......................................................................5

*Ohio State Univ.* v. *Redbubble, Inc.*,
 989 F.3d 435 (6th Cir. 2021) ...................................................................5, 6

*Planned Parenthood of Cincinnati Region* v. *Strickland*,
 531 F.3d 406 (6th Cir. 2008) ......................................................................7

*State ex rel. Prade* v. *Ninth Dist. Ct. of Appeals*,
 87 N.E.3d 1239 (Ohio 2017) (per curiam) ..................................................5

*State Auto Prop. & Cas. Ins. Co.* v. *Hargis*,
 785 F.3d 189 (6th Cir. 2015) ...................................................................4, 6

*United States* v. *Stevenson*,
   43 F.4th 641 (6th Cir. 2022) ...........................................................................5

**Statutes**

Ohio Rev. Code Ann. § 2307.71..................................................................1, 5, 6

**Other Authorities**

Jason A. Canton & Carly Giffin, *Certification of Questions of State Law in the U.S. Courts of Appeals for the Third, Sixth, and Ninth Circuits (2010-2018)*, (June 2020), https://www.fjc.gov/sites/default/files/materials/52/Certification %20of%20Questions%20of%20State%20Law_Third-Sixth-Ninth%20Circuits.pdf ............................................................................1

## INTRODUCTION

The Counties' claims in this case depend on the Ohio common law of public nuisance. The parties disagree over whether the Ohio Public Liability Act (OPLA) bars the Counties' claims, and the panel recently asked the parties whether that question should be certified to the Ohio Supreme Court. It should not, for three reasons. First, certification could delay the resolution of this case by additional months or even years. MDL defendants have sought appellate review of these issues for years, plaintiffs have repeatedly opposed those requests, and the district court has denied them. Prolonging this case yet further would be to the detriment of the pharmacies and the broader ongoing multidistrict litigation. Second, certification is typically reserved for difficult questions of state law, but OPLA's text is clear: the statute abrogates "*all*" common law product liability claims, including "*any* public nuisance claim" arising out of the "sale of a product"—with no exception for claims for equitable abatement. Ohio Rev. Code § 2307.71(A)(13), (B) (emphases added). If that categorical language warrants certification, then so will virtually any state statute. Third, the Court's order for supplemental briefing cites *American Booksellers Foundation for Free Expression* v. *Strickland*, 560 F.3d 443, 447 (6th Cir. 2009), in which the Court certified an issue of state

1

law to avoid unnecessarily resolving a constitutional challenge to a state statute, but there is no reason like that to certify here. The pharmacies respectfully request that this Court expeditiously resolve this appeal, including the threshold OPLA issue.

## ARGUMENT

**I.   CERTIFICATION COULD CAUSE SIGNIFICANT, HARMFUL, AND UNNECESSARY DELAY.**

Certification could unnecessarily cause significant and prejudicial delay. A recent study conducted on behalf of the Federal Judicial Center found that state courts on average took several months just to decide whether to accept certification from this Court. *See* Jason A. Canton & Carly Giffin, *Certification of Questions of State Law in the U.S. Courts of Appeals for the Third, Sixth, and Ninth Circuits (2010-2018)*, at 9 (June 2020), https://www.fjc.gov/sites/default/files/materials/52/Certification%20of%20Qu estions%20of%20State%20Law_Third-Sixth-Ninth%20Circuits.pdf.   And when state courts did accept certification, they did not issue decisions until on average "about 14 months after the question was certified by the Sixth Circuit." *Id.*

Certifying could thus delay the resolution of this case by many months, if not years. Especially given the clarity of the statutory text, *see* pp. 4-7, *infra*,

there should be no need to wait for potentially a year or more for the Ohio Supreme Court to address OPLA. This Court already acknowledged the importance of timely resolving this case over nine months ago, when it ordered that oral argument would be set at the "earliest practicable date that the [C]ourt's schedule will permit." Doc. No. 25-2. After the federal government received two extensions of time to submit its brief, the pharmacies filed their reply brief early in an effort to expedite oral argument. Counsel for the Counties objected to scheduling argument before the October sitting, and now even the current October 20 argument date will likely be moved if the Court certifies.

Further delaying the resolution of this case would harm the pharmacies and the multidistrict litigation more broadly. Delay harms the pharmacies because they must pay for an appellate bond and face the uncertainty created by the erroneous $650 million verdict. Moreover, delaying the resolution of this appeal by certifying the OPLA issue will leave the other cases in the multidistrict litigation without the valuable legal guidance that this bellwether case could provide, including with respect to issues (such as the application of the Controlled Substances Act) that are relevant to hundreds of cases still pending in the MDL, as well as day-to-day pharmacy practice.

3

The district court began ruling on the issues raised in this appeal almost five years ago. *See* R. 1203. Because of the importance of a timely resolution of those issues, MDL defendants have repeatedly—but unsuccessfully—attempted to obtain interlocutory review of them over the ensuing years. *See* R. 1088, 1280, 3439, 4205. Plaintiffs have opposed—and the district court has denied—all prior efforts to obtain appellate review, including all prior efforts to certify the OPLA question to the Ohio Supreme Court. *See* R. 1111, 1120, 1283, 3456, 3499, 4240, 4251. The MDL has been proceeding for over five years. Further delay would not be just.

## II. CERTIFICATION IS UNNECESSARY BECAUSE OPLA'S MEANING IS CLEAR.

Certification is also unnecessary because the OPLA issue is straightforward. This Court does "not trouble [its] sister state courts every time" it encounters "an arguably unsettled question of state law." *Devereux v. Knox County*, 15 F.4th 388, 398 (6th Cir. 2021) (citation omitted). Instead, the Court has explained, "[w]hen we see a reasonably clear and principled course, we will seek to follow it ourselves." *State Auto Prop. & Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 194 (6th Cir. 2015) (citation omitted). Here, Ohio's settled approach to interpreting statutes charts a course for this Court that is more than just "reasonably clear"—it is crystal clear. Under Ohio law,

4

OPLA's plain text governs and unambiguously forecloses the Counties' claims. *See* Pharmacies Br. 35-48.

After all, the Counties do not dispute that "Ohio courts interpret a statute according to its plain meaning." *United States* v. *Stevenson*, 43 F.4th 641, 646 (6th Cir. 2022). As both sides agree, Ohio law dictates that when the "meaning of a statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Prade* v. *Ninth Dist. Ct. of Appeals*, 87 N.E.3d 1239, 1242 (Ohio 2017) (per curiam) (citation omitted); *see* Pharmacies Br. 38; Counties Br. 70. The OPLA issue thus turns entirely on the plain meaning of the statutory text, not on any quirk of state law or doctrine. This Court is as well-equipped as the Ohio Supreme Court to conduct that inquiry. *See, e.g.*, *Ohio State Univ.* v. *Redbubble, Inc.*, 989 F.3d 435 (6th Cir. 2021) (interpreting Ohio statute); *First Choice Chiropractic, LLC* v. *DeWine*, 969 F.3d 675 (6th Cir. 2020) (same); *Greer* v. *United States*, 938 F.3d 766 (6th Cir. 2019) (same); *Bevan & Assocs., LPA, Inc.* v. *Yost*, 929 F.3d 366 (6th Cir. 2019) (same).

Nor is the inquiry particularly difficult as statutory-interpretation questions go. OPLA abrogates "*all* common law product liability claims." Ohio Rev. Code Ann. § 2307.71(B) (emphasis added). In 2007, the Ohio General

5

Assembly amended the statute to clarify that such abrogated claims include "*any* public nuisance claim" at common law arising from the "sale of a product"—full stop. *Id.* § 2307.71(A)(13) (emphasis added). As this Court has already held, "[u]nder Ohio law," courts do "not have the authority to dig deeper than the plain meaning of an unambiguous statute under the guise of either statutory interpretation or liberal construction." *Redbubble*, 989 F.3d at 450 (citation omitted). But if there were any doubt, OPLA's history confirms its plain meaning. *See* Pharmacies Br. 43-48; Pharmacies Reply Br. 11-14. As a matter of both text and history, there is a "clear and principled course" for this Court to take in resolving the OPLA issue. *Hargis*, 785 F.3d at 194.

The Counties' attempt to muddy the waters is not nearly enough to warrant certification. After all, a "disagreement among litigants over the meaning of a statute does not prove ambiguity; it usually means that one of the litigants is simply wrong." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 461 (1999) (Thomas, J., concurring in the judgment). Here, the Counties' interpretation of the text is tortured, divorced from context, and internally incoherent. *See* Pharmacies Reply Br. 4-14. The Counties point (at 76-77) to *State ex rel. DeWine v. Purdue Pharma LP*,

6

2018 WL 4080052 (Ohio Ct. Com. Pl. Aug. 22, 2018), and this Court noted *DeWine* in its supplemental briefing order. *See* ECF No. 85 at 1-2. But unlike *City of Toledo* v. *Sherwin-Williams Co.*, 2007 WL 4965044 (Ohio Ct. Com. Pl. Dec. 12, 2007), *DeWine* does not address OPLA's relevant language. *See* Pharmacies Br. 46 n.4; Pharmacies Reply Br. 12. A single poorly reasoned decision from an Ohio trial court should not be a sufficient basis for "troubl[ing]" this Court's "sister state court[]" on a straightforward issue of statutory interpretation. *Devereux*, 15 F.4th at 398.

### III. CERTIFICATION IS UNNECESSARY AS A MATTER OF CONSTITUTIONAL AVOIDANCE.

Finally, another consideration often present in this Court's sua sponte certification decisions is absent here. This Court has recognized the value of sua sponte certification when an "unconstrued state statute is susceptible of a construction by the state judiciary which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem." *American Booksellers*, 560 F.3d at 446 (citation omitted); *see Planned Parenthood of Cincinnati Region* v. *Strickland*, 531 F.3d 406, 412 (6th Cir. 2008). In *American Booksellers*, for example, this Court sua sponte certified a question of Ohio statutory interpretation to avoid unnecessarily deciding whether the statute complied with the Constitution.

7

560 F.3d at 446-447. Here, by contrast, OPLA's constitutionality is not at issue, further confirming that certification is not warranted.

## CONCLUSION

For the foregoing reasons, the pharmacies respectfully submit that this Court should not certify the OPLA issue to the Ohio Supreme Court but should instead hear argument in October and expeditiously resolve the appeal.

|  | Respectfully submitted, |
|---|---|
| /s/ Noel J. Francisco | /s/ Jeffrey B. Wall |
| NOEL J. FRANCISCO | JEFFREY B. WALL |
| JOHN M. MAJORAS | MORGAN L. RATNER |
| ANTHONY J. DICK | ZOE A. JACOBY |
| JONES DAY | SULLIVAN & CROMWELL LLP |
| 51 Louisiana Avenue NW | 1700 New York Avenue NW |
| Washington, DC 20001 | Washington, DC 20006 |
| (202) 879-3939 | (202) 956-7500 |
| njfrancisco@jonesday.com | wallj@sullcrom.com |
| | |
| TINA TABACCHI | KASPAR STOFFELMAYR |
| TARA FUMERTON | BARTLIT BECK LLP |
| NICOLE HENNING | 54 West Hubbard Street |
| JONES DAY | Chicago, IL 60654 |
| 77 West Wacker | (312) 494-4400 |
| Chicago, IL 60601 | |
| (312) 269-4335 | *Counsel for Walgreens Appellants* |
| | |
| JAMES SAYWELL | /s/ Donald B. Verrilli, Jr. |
| JONES DAY | DONALD B. VERRILLI, JR. |
| 901 Lakeside Avenue | GINGER D. ANDERS |
| Cleveland, OH 44114 | MUNGER, TOLLES & OLSON LLP |
| (216) 586-1190 | 601 Massachusetts Avenue NW |
| | Washington, DC 20001 |
| *Counsel for Walmart Inc.* | (202) 220-1100 |
| | donald.verrilli@mto.com |
| | |
| | ERIC R. DELINSKY |
| | ALEXANDRA W. MILLER |
| | ZUCKERMAN SPAEDER LLP |
| | 1800 M Street NW, Suite 100 |
| | Washington, DC 20036 |
| | (202) 778-1800 |
| | |
| | *Counsel for CVS Appellants* |

SEPTEMBER 5, 2023

9

# CERTIFICATE OF COMPLIANCE

This Supplemental Brief complies with this Court's August 22, 2023 Order because it is 8 double-spaced pages.

This Brief also complies with the requirements of Federal Rules of Appellate Procedure 32(a) because it was prepared in 14-point font using a proportionally spaced typeface.

/s/ Jeffrey B. Wall
JEFFREY B. WALL

SEPTEMBER 5, 2023

## CERTIFICATE OF SERVICE

I hereby certify that, on September 5, 2023, I electronically filed the foregoing Brief with the Clerk of Court using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system for all participants in this case who are registered CM/ECF users.

/s/ Jeffrey B. Wall
JEFFREY B. WALL

SEPTEMBER 5, 2023